UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BARBARA LYNCH, Plaintiff, | ) | |
| vs. | ) | Docket No. C.A. 07-111S |
| BANK OF AMERICA, N.A., Defendant. | ) | |

**MOTION FOR SUMMARY JUDGMENT**

Now comes the Defendant Bank of America, N.A. ("Bank") and hereby requests that this Honorable Court grant Bank's Motion for Summary Judgment ("Motion") under Federal Rules of Civil Procedure 56(b) and 56(c) as no genuine issue of material fact exists and Bank is entitled to judgment as a matter of law. The Motion is supported by the memorandum and Statement of Undisputed Facts filed contemporaneously herewith and all files and records of the case.

BANK OF AMERICA, N.A.
By its attorneys,

Richard L. Gemma, Esq. #3953
MacAdams Wieck Deluca & Gemma Incorporated
101 Dyer Street, Suite 400
Providence, RI 02903
(401) 454-8700 (Telephone)
(401) 454-8755 (Facsimile)
Dated: 4/16/07

Case 1:07-cv-00111-S-LDA Document 3 Filed 04/16/2007 Page 2 of 22

CERTIFICATION OF SERVICE

I hereby certify that on the 16th day of April, 2007, I forwarded a copy of the within to James S. Lawrence, Esq., at 70 Jefferson Blvd. Warwick, RI 02888 by regular mail, postage prepaid.

G:\Bank of America\Lynch, Barbara-Jean\Pleadings\Motion for Summary Judgment 041207.doc

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BARBARA LYNCH, Plaintiff, | ) | |
| vs. | ) | Docket No. C.A. 07-111S |
| BANK OF AMERICA, N.A., Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF BANK OF AMERICA, N.A.'S MOTION FOR SUMMARY JUDGMENT**

Bank of America, N.A. ("Bank") hereby submits the following memorandum in Support of its Motion for Summary Judgment ("Memo").

## I. INTRODUCTION

This case presents to the Court a haphazard attempt by Plaintiff, Barbara Lynch ("Plaintiff"), to bring claims against Bank for which the law does not support. No genuine issue of material fact exists, and Bank is entitled to judgment as a matter of law on the Complaint because the notice requirements contained in the Expedited Funds Availability Act ("EFAA"), upon which Plaintiff's claims are based, do not apply to the facts of the case. In fact, Bank not only complied with all of the applicable time periods and applicable notice provisions prescribed by law, but it did so more expeditiously than required.

Case 1:07-cv-00111-S-LDA Document 3 Filed 04/16/2007 Page 4 of 22

## II. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff commenced the instant action on March 26, 2006. In response to Plaintiff's complaint ("Complaint"), Bank has filed its Motion for Summary Judgment ("Motion"). A copy of the Complaint is attached hereto as Exhibit A. In support of its Motion, Bank has attached a copy of the Bank Affidavit hereto as Exhibit B.

The facts alleged in the Complaint and established in the Bank Affidavit relevant to the dispositive Motion are as follows: On or about March 20, 2006, Plaintiff endorsed and deposited a check into her account at Bank in the amount of $14,900 drawn on an account held at Citizen's Bank ("Check"). See Complaint, Exhibit A at ¶ 4. On or about March 22, 2006, Plaintiff went to a branch of Bank, was advised that the funds from the Check were available for withdrawal, and withdrew $14,200 from the proceeds of the Check. See Id. at ¶ 7. On or about March 23, 2006, Citizens Bank ("Citizens") notified Bank electronically that Citizens would not honor the Check ("Citizens Electronic Notice"). See Bank Affidavit, Exhibit B at ¶ 3(a). On or about March 23, 2006, Bank charged back to Plaintiff's account the amount of $14,900. See Id. at ¶ 3(b). On or before March 24, 2006, Bank sent notice to Plaintiff that the Check was returned unpaid and that her account was charged back $14,900 ("Bank Notice"). See Id. at ¶ 3(c).

## III. LEGAL STANDARD

### A. Motion for Summary Judgment

Federal Court Rule of Civil Procedure Rule 56(b) states, in pertinent part that "[a] party against whom a claim, . . . is asserted . . . may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof. Rule 56(c) of said Rules of Civil Procedure states that summary judgment

Case 1:07-cv-00111-S-LDA Document 3 Filed 04/16/2007 Page 5 of 22

> "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

The Court should grant summary judgment when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When requesting summary judgment, the moving party must aver that there is an absence of evidence to support the nonmoving party's case. Id. at 325. The nonmoving party then must document some factual disagreement sufficient to deflect brevis disposition. 464 F.Supp.2d 90, 95 (D.R.I.2006). The disagreement must relate to some issue of material fact. Id.; See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). On issues where the nonmovant bears the ultimate burden of proof, he must present definite, competent evidence to rebut the motion. Id.; See also Anderson, 477 U.S. at 256-257. This evidence "must have substance in the sense that it limns differing versions of the truth which a fact finder must resolve at an ensuing trial." Id. (quoting Mack v. Great Atl. & Pac., Tea Co., 871 F.2d 179, 181 (1st Cir.1989)). Evidence that is not significantly probative cannot deter summary judgment. Id.; See also Anderson, 477 U.S. at 256-257.

## IV. ANALYSIS

### A. THE COURT MUST GRANT SUMMARY JUDGMENT IN FAVOR OF BANK AND AGAINST PLAINTIFF BECAUSE NO GENUINE ISSUE OF MATERIAL FACT EXISTS, AND AS A MATTER OF LAW, BANK COMPLIED WITH ALL OF THE APPLICABLE TIME PERIODS PRESCRIBED BY THE EFAA AND RHODE ISLAND LAW

(a) Bank complied with the three-day time period for making the deposited funds available for withdrawal in accordance with the EFAA as Plaintiff withdrew the funds two days after making the deposit.

The EFAA, 12 U.S.C.A. § 4001 et seq., establishes specific time periods in which depository banks must make deposited funds available for withdrawal. Essex Construction Corp. v. Industrial Bank of Washington, 913 F.Supp. 416 (D.Md.1995). The purpose of the EFAA is to provide faster availability of deposited funds. Beffa v. Bank of the West, 152 F.3d 1174, 1176 (C.A.9 Cal.1998)(citing S.Rep. No. 100-19, at 25, *reprinted in* 1987 U.S.C.C.A.N. 489, 515.);[1] See also Bank One of Chicago, N.A. v. Midwest Bank &Trust Co., 516 U.S. 264, 266 (1996)(describing EFAA as "designed to accelerate the availability of funds to bank depositors . . .").

12 U.S.C.A. § 4002(b)(1) requires that deposited checks drawn against accounts at a local bank[2] must be available not more than two (2) business days after deposit. 12 U.S.C.A. § 4002(b)(1) provides, in pertinent part, the following:

> "Subject to paragraph (3) of this subsection, . . ., not more than 1 business day shall intervene between the business day on which funds are deposited in an account at a depository institution by a check drawn on a local originating depository institution and the business day on which the funds involved are available for withdrawal." (emphasis added).

However, 12 U.S.C.A. § 4002(b)(3) allows for time period adjustments for cash withdrawals. § 4002(b)(3) reads, in pertinent part, that:

> ". . . funds deposited in an account in a depository institution by check . . . shall be available for cash withdrawal not later than the business day after the business day on which such funds otherwise are available under paragraph (1) or (2).

---

[1] The Senate Report described the type of scenario that the Act was designed to prevent. The issue that was brought to the Committee's attention was when a person deposits a check, waits a few days, and then writes several checks to pay some bills- only to have those checks returned as unpayable because of "uncollected funds." Often the depositor was shocked to discover that the bank routinely takes a week to clear a check drawn on a bank located in the same state and two weeks to clear a check drawn on an out-of-state bank. Id. at 515-16.

[2] For purposes of this Motion, Bank admits that Citizens is a local bank as defined in 12 U.S.C.A. § 4001(13).

Thus, funds from deposited checks drawn against accounts a local bank must be made available for cash withdrawal no later than three (3) business days after deposit.

In this case, the Complaint alleges that Plaintiff deposited the Check in the amount of $14,900 into her account at Bank on March 20, 2006. See Complaint, Exhibit A at ¶ 4. The Check was drawn against an account at a local bank (i.e., Citizens). On March 22, 2006, after Bank advised Plaintiff that the funds from the Check were available for withdrawal, she withdrew $14,200. See Id. at ¶ 7. As such, Bank made the cash available to Plaintiff only two (2) days after she deposited the Check .

Contrary to Plaintiff's assertions, Bank did not violate any part of the EFAA because, in accordance with §§ 4002 (b)(1) and (3), Bank made such funds available for cash withdrawal within the required time period. In fact, Bank made the funds available for cash withdrawal a day earlier than the EFAA requires.[3] Thus, Bank not only complied with the letter of the EFAA in making the funds available to Plaintiff for withdrawal two days after the Check was deposited, but also the spirit of the EFAA in providing accelerated availability to those same funds a day earlier than required.

(b) The United States District Court for the District of Maryland has already held that the EFAA expressly provides Bank the right to charge back Plaintiff's account the amount of the Check that was returned to Bank as uncollectible.

The United States District Court for the District of Maryland has already held that the EFAA preserves a depository bank's rights to revoke, charge back, or request a refund regarding an uncollectible deposit. Essex Constr. Corp., 913 F.Supp. at 418. In Essex, plaintiff argued that Industrial Bank of Washington ("Industrial") violated the

[3] Irrespective of whether this Court construes the withdrawal made by Plaintiff on March 22, 2006 as a "cash withdrawal," Bank nevertheless made the funds available to Plaintiff within the required time period (i.e., two days after the date of deposit).

EFAA by failing to make funds available according to the applicable timelines. Id. However, Industrial refused to make the funds available only after learning that the check plaintiff deposited was uncollectible. Id. The Court rejected plaintiff's contention that a depositor's right to funds becomes absolute at the time a deposit is required to become available pursuant to the EFAA. Id.

In granting Industrial's motion for summary judgment, the Court in Essex held that 12 U.S.C.A. § 4006(c)(2), expressly provides that:

> "No provision of this chapter shall be construed as affecting a depository institution's right . . . (B) to revoke any provisional settlement made by the depository institution with respect to a check accepted by such institution for deposit; (C) to charge back the depositor's account for the amount of such check; or (D) to claim a refund of such provisional credit." Id. (emphasis added).

Addressing the purpose of the Act, the Court stated that "[t]he EFAA requires that banks provide prompt access to valid deposits, not that banks assume liability for bad checks given to depositors." Id. Thus, the Court in Essex held that Industrial retained the right to charge back a plaintiff's account for the provisional credit extended which it later determined to be uncollectible. Id.

In Essex, although the plaintiff never actually accessed the funds, the Court noted that it could have accessed same for a brief period of time before Industrial learned that the check was uncollectible. Id. However, the Court specifically stated that, even if plaintiff had temporarily accessed the funds, "§ 4006(c)(2)(C) would have preserved Industrial's ability under state law to charge back the amount of the deposit." Id.

Unlike the plaintiff in Essex, Plaintiff cannot argue that Bank failed to make the funds available within the appropriate time period because she actually withdrew the cash two days after depositing the Check. In addition, the Court in Essex also made it clear

that Plaintiff's right to the funds does not become absolute at the time the deposit was made pursuant to the EFAA. The EFAA in no way requires Bank to assume the liability for a counterfeit check deposited by Plaintiff. Thus, in accordance with § 4006(c)(2)(C), after learning from the originating bank that the Check was counterfeit and thus uncollectible, Bank charged back $14,900 from Plaintiff's account and sent a letter to her notifying her of same.

(c) Bank complied with Rhode Island state law procedures for charging back Plaintiff's account and sending her notice of same within the required time period.

While the EFAA preserves a depository bank's right to revoke, charge back, or claim a refund regarding an uncollectible deposit, such action must comply with applicable state law. Id. The State of Rhode Island has adopted the Uniform Commercial Code's system for regulating check processing transactions. R.I.G.L. § 6A-4-214 provides, in pertinent part, that:

> (a) "If a collecting bank has made provisional settlement with its customer for an item and fails by reason of dishonor, . . ., . . . to receive settlement for the item which is or becomes final, the bank may . . ., charge back the amount of any credit given for the item to its customer's account, or obtain refund from its customer, whether or not it is able to return the item, if by its midnight deadline[4] or within a longer reasonable time after it learns the facts it returns the item or sends notification of the facts. . . ." (emphasis added).
>
> (b) "A collecting bank returns an item when it is sent or delivered to the bank's customer . . ."[5]

[4] A bank's "midnight deadline" is defined as "midnight on its next banking day following the banking day on which it receives the relevant item or notice or from which the time for taking action commences to run, whichever is later." R.I.G.L. § 6A-4-104(a)(10). In this case, the "relevant item or notice" is the notice that the Check would not be honored by Citizens.

[5] See Essex Construction Corp., 913 F.Supp. at 419 (holding that bank complied with notice requirements contained in D.C.Code Ann. § 28:4-214(a) when it mailed plaintiff notice before the midnight deadline as §28:4-214(b) defined an item as "returned" when it is *sent* or delivered to the bank's customer).

Case 1:07-cv-00111-S-LDA Document 3 Filed 04/16/2007 Page 10 of 22

Thus, after learning from the originating depository bank that a check will not be honored, a bank may charge back the amount of the credit given for the check to its customer's account provided that it sends (i.e., mails) notice of such dishonor to the customer by midnight on the next business day after learning that the check will not be honored.

In this case, Bank made provisional settlement with Plaintiff for the Check on March 20, 2006 and she withdrew the funds on March 22, 2006. After making such provisional settlement, Bank failed to receive final settlement for the Check as Bank learned on March 23, 2006 that Citizens would not honor the Check. See Bank Affidavit, Exhibit B at ¶ 3(a). At that point, in accordance with § 6A-4-214(a) and § 4006(c)(2), Bank retained the right to charge back Plaintiff's account for the amount of credit provisionally granted, provided that Bank sent Plaintiff notice of the dishonored Check by midnight on the next business day (i.e., March 24, 2006).

In accordance with § 6A-4-214(a), Bank did notify Plaintiff that the Check had been returned unpaid and that her account would be charged back the amount of $14,900 ("Bank Notice"). A copy of the Bank Notice is attached to the Bank Affidavit as Exhibit 3. Bank sent the Notice on or before March 24, 2006. See Bank Affidavit, Exhibit B at ¶ 3(c). Thus, in charging back $14,900 from Plaintiff's account, Bank exercised its rights authorized by Rhode Island law and Section 4006(c)(2)(C) of the EFAA, and complied with all of the applicable time requirements in an expedited fashion. As such, this Court must grant the Summary Judgment Motion as no genuine issue of material fact exists and Bank is entitled to judgment as a matter of law.

Case 1:07-cv-00111-S-LDA Document 3 Filed 04/16/2007 Page 11 of 22

## B. THE NOTICE REQUIREMENTS UNDER 12 U.S.C.A. § 4003(f)(2) AND 12 C.F.R. § 229.12(g) DO NOT APPLY TO THE FACTS OF THIS CASE

(a) The notice requirements referenced by Plaintiff in her Complaint (i.e., 12 U.S.C.A. § 4003(f)(2) and 12 C.F.R. § 229.13(g)) do not apply to this case because Bank never invoked one of the exceptions listed in 12 U.S.C.A. §4003(a)-(e) or 12 C.F.R. §229.13(a)-(f).

While the EFAA provides time periods by which a bank is required to make funds available after a deposit is made, 12 U.S.C.A. § 4003(a)-(e) and 12 C.F.R. § 229.13(a)-(f) provide specific exceptions to these time periods. If a bank is going to invoke one of the exceptions provided in § 4003(a)-(e) or § 229.13(a)-(f) and extend the time period by which deposited funds will be made available, it must provide notice to the account holder within specific time periods pursuant to § 4003(f)(2) and 12 C.F.R. § 229.13(g). However, these notice requirements only apply if the bank extends the time period by which it must make funds available after deposit by invoking one the exceptions listed in § 4003(a)-(e) and § 229.13(a)-(f). The notice requirements do not apply if the bank does not extend the applicable time period and in fact makes the funds available to the account holder who then actually withdraws same.

In her Complaint, Plaintiff alleges that Bank failed to give her notice required under § 4003(f)(2) and § 229.13(g). See Complaint, Exhibit A at ¶¶ 6, 11, and 12. However, these notice requirements only apply if a bank invokes an exception provided in § 4003(a)-(e) or § 229.13(a)-(f). In this case, Bank did not invoke one of the aforementioned exceptions. The Bank made the funds available to Plaintiff within the appropriate time schedule as prescribed by the EFAA. Plaintiff then withdrew the funds on the very same day. The day after Plaintiff withdrew the funds, Bank learned that the

Check was uncollectible, charged back her account, and sent Plaintiff notice of the dishonored Check.

Thus, as a matter of law, 12 U.S.C. § 4003(f)(2) and 12 C.F.R. § 229.13(g) do not apply to the undisputed facts of this case because Bank never invoked one of the exceptions detailed in § 4003(a)-(e) or § 229.13(a)-(f). Bank never invoked one of the exceptions because it provided Plaintiff accelerated access to the funds in accordance with the EFAA. Moreover, after Bank learned that Citizens would not honor the Check, § 4006(c)(2)(C) of the EFAA and § 6A-4-214 of the Rhode Island General Laws directed Bank's recourse- not sections 4003(f)(2) and 229.13(g) as Plaintiff argues. Therefore, Plaintiff's claims brought under sections 4003(f)(2) and 229.13(g) have no applicability to the facts alleged in her Complaint. As such, this Court must grant the Motion as no genuine issue of material fact exists and Bank is entitled to judgment as a matter of law.

## V. CONCLUSION

Plaintiff's Complaint can only be seen as a haphazard attempt to bring claims against Bank for which the law does not support. As a matter of law, the Complaint fails because the EFAA's notice requirements upon which Plaintiff bases her claims do not apply. In fact, Bank not only complied with all of the <u>applicable</u> time periods and <u>applicable</u> notice provisions prescribed by law, but it did so more expeditiously than required. Thus, for all of the reasons stated above, no genuine issue of material fact exists and Bank is entitled to judgment as a matter of law. As such, Bank respectfully requests that this Court (i) grant its Motion for Summary Judgment as to Plaintiff's

Complaint; and (ii) enter judgment for defendant Bank and against Plaintiff Barbara Lynch dismissing Plaintiff's Complaint with prejudice.

BANK OF AMERICA, N.A.
By its attorneys,

Richard L. Gemma, Esq. #3953
MacAdams Wieck Deluca & Gemma Incorporated
101 Dyer Street, Suite 400
Providence, RI 02903
(401) 454-8700 (Telephone)
(401) 454-8755 (Facsimile)
Dated: 4/16/07

CERTIFICATION OF SERVICE

I hereby certify that on the 16th day of April, 2007, I forwarded a copy of the within to James S. Lawrence, Esq., at 70 Jefferson Blvd. Warwick, RI 02888 by regular mail, postage prepaid.

G:\Bank of America\Lynch, Barbara-Jean\Pleadings\Memo In Support of Summary Judgment 040607.doc