UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BARBARA LYNCH, Plaintiff | ) | |
| v. | ) | Docket No. C.A. 07-111S |
| BANK OF AMERICA, N.A., Defendant | ) | |

**MEMORANDUM IN OPPOSITION TO**
**MOTION FOR SUMMARY JUDGMENT**

Plaintiff Barbara Lynch hereby respectfully submits the following memorandum in opposition to Defendant Bank of America's motion for summary judgment.

FACTS AND TRAVEL OF CASE

This case is an action by Plaintiff, Barbara Lynch, against Defendant, Bank of America, for damages sustained as a result of Defendant failing to comply with the notice requirements under 12 USC §4003(f) necessary when a Bank extends the time period within which funds become available after deposit.

Plaintiff commenced this action by the filing of a Summons and Complaint on or about March 26, 2007. Defendant served an Answer with Special Defenses on or about April 16, 2007, and then made the within motion for summary judgment motion, to which the within papers are in opposition.

## ARGUMENT

### I. SUMMARY JUDGMENT MUST BE DENIED BECAUSE QUESTIONS OF FACT EXIST AS TO WHETHER THE DEFENDANT COMPLIED WITH THE NOTICE REQUIREMENTS OF 12 USC §4003(f).

Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *See, Hunt v. Cromartie,* 526 U.S. 541 (1999); *Celotex Corp. v. Catrett*, 477 U. S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242 (1986). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering a summary judgment motion, all facts and evidence must be taken in the light most favorable to the non-movant. *United Fire & Cas. Co. v. Hixson Bros., Inc.*, 453 F.3d 283, 285 (5th Cir. 2006). In order to defeat summary judgment, the non-movant must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial. *Piazza's Seafood World, L.L.C. v. Odom*, 448 F.3d 744, 752 (5th Cir. 2006). Plaintiffs seeking to overcome a motion for summary judgment may not "rest on mere allegations" in their complaint but must "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *See Lujan v. Nat'l Wildlife Fed'n.*, 497 U.S. 871, 902, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990) ("[C]onclusory allegations unsupported by specific evidence will be insufficient to establish a genuine issue of fact.") (internal quotations omitted). *Treviso v. Adams*, 455 F.3d 1155 (10th Cir. 2006).

In the instant matter, there exist questions of fact material to the determination of the dispute that preclude the harsh remedy of summary judgment. The question to be determined here is whether the Bank complied with time periods prescribed by 12 USC §4003(f)(2) which states in pertinent part that notice must be given to the depositor immediately if funds were deposited in person, or mailed by the close of the next business day following any other method of deposit, if the Bank is going to extend the time period within which funds must be made available to the depositor under the exceptions set forth in §4003(a)-(e).

Here, the Plaintiff deposited the check into her account on March 20, 2006, by tendering the deposit directly to a teller at Defendant Bank. *See*, Affidavit Of Barbara Lynch annexed as Exhibit "A." The Defendant Bank did not give the Plaintiff notice of its intent to invoke a §4003(a)-(e) exception at the time of the deposit or by the close of next business day after said deposit. *See*, Exhibit "A," Affidavit Of Barbara Lynch. On March 23, 2004, the Bank charged the Plaintiff's account for the amount of the March 20, 2006 deposit. *See*, Exhibit B2 of Defendant's moving papers. Plaintiff did not receive §4003(f) notice from the Defendant Bank until March 27, 2006, nine (9) days after the deposit, and one (1) week after she was advised by Defendant that the funds were available for withdrawal. *See*, Affidavit Of Barbara Lynch annexed as Exhibit "A." The Defendant Bank claims it sent timely notice by mail, but they did not even draft the notice until March 23, 2006, three (3) business days after the deposit, and did not mail it until at least March 24, 2006. *See*, Exhibit B3 of Defendant's moving papers. Clearly, the notice that was not drafted until March 23, 2006, was not mailed until at least March 24, 2006, and was received by the Plaintiff four (4) days later, was not timely.

Furthermore, even if the notice that Defendant dated March 23, 2006, and clams to have mailed on March 24, 2006, was actually sent on that date, which is a question of fact, it is still not timely because it was purportedly sent more than one business day after the day of the deposit.

Viewing the evidence in a light most favorable to the Plaintiff, a trier of fact could reasonably find that notice was given more than one business day after the deposit and therefore, it is insufficient under §4003(f), and further, that Defendant Bank's failure to properly comply with the statute caused the Plaintiff to sustain the damages alleged in the complaint. Since a question of fact exists as to the timeliness of the notice provided by Defendant Bank, the determination of which is material to the issues in dispute, summary judgment must be denied.

Defendant's contention that it made the funds available to the Plaintiff within the statutory time periods imposed by §4003(a)-(e), and thereby did not invoke any of the exceptions to those time periods that would trigger the notice requirement under §4003(f), is misleading. While the Plaintiff was allowed to withdraw funds on March 22, 2006, and while this would ordinarily mean that the Defendant Bank was not invoking an exception, the act of subsequently charging the Plaintiff's account for the value of the check, and requiring payment back into the account, is in itself an extension of the time period for the availability of those funds. Despite the fact that the Plaintiff was assured by the Defendant Bank that the funds were available for withdrawal, they were not really available to the Plaintiff, since the Defendant Bank essentially revoked that availability without notice as required under 21 USC §4003(f).

## II. DEFENDANT FAILED TO SUBMIT EVIDENCE IN ADMISSIBLE FORM THAT WOULD ENTITLE IT TO SUMMARY JUDGMENT AS A MATTER OF LAW.

The substance of the evidence in support of a motion for summary judgment must be admissible. Fed. R.Civ.P. 56(e). Evidence need not be submitted "in a form that would be admissible at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Parties may, for example, submit affidavits in support of summary judgment, despite the fact that affidavits are often inadmissible at trial as hearsay, on the theory that the evidence may ultimately be presented at trial in an admissible form. *Bryant v. Farmers Ins. Exch.,* 432 F.3d 1114, 1122 (10th Cir.2005) Nonetheless, "the content or substance of the evidence must be admissible." *Thomas v. Int'l Bus. Machs.,* 48 F.3d 478, 485 (10th Cir.1995)

Defendant contends that it gave proper notice under §4003(f)(2), stating in its moving papers that said notice was sent to Plaintiff on March 24, 2006. In support of this, movant offers their Exhibit B3, which is a notice letter containing the following verbiage "Date of Notice: 03-23-06." However, Defendant admits that it "sent notice" to the Plaintiff on March 24, 2006. *See,* Statement Of Undisputed Facts, #5. There is no definitive evidence whatsoever as to how or when this notice was actually sent. Presuming that the document submitted as movant's Exhibit B3 would be admissible under *Celotex*, *supra*, we must look to the content or substance of what is being admitted, and for what purpose. There is no evidence before this court that reveals the actual date that notice was sent to the Plaintiff under §4003(f), although by the Defendant Bank's own admission, it was not sent until at least March 24, 2006. *See,* Statement Of Undisputed Facts, #5.

Defendant cannot rely on the affidavit of its officer, Judy Turtletaub because it too, fails to reveal any directly statement that notice was "sent" on or before March 24, 2003 as claimed. Ms. Turletaub's affidavit, while perhaps admissible under *Bryant, supra*, is in conflict with the Statement Of Undisputed Facts (#5) submitted by the Derfendant. Ms. Turletaub's affidavit states that the notice was sent on or before March 24, 2006, however, she bases this conclusion solely on her review of Bank records, which she annexes as Exhibit B3, and which indicate the date that the notice was created, but **not** the date the notice was "sent".

Under the authority set forth above, the documents that the Defendant offer as proof are admissible, however the content they are offering in evidence, the date the notice was created, cannot be said to also mean that the document was sent on that same date. The two documents submitted by the Defendant in support of its Motion, have conflicting material facts regarding a pivotal issue in the action, if and when a notice was mailed by the Defendant. Since the Defendant has offered no proof as to when the required notice was "sent", it cannot be said to have established a date from which the statutory time period can be measured, and therefore it has failed to show that it is entitled to summary judgment as a matter of law. In fact, the sending of a notice, if at all, is a genuine issue of material fact in the instant action.

## CONCLUSION

Since a question of fact exists as to the timeliness of the notice provided by Defendant Bank, the determination of which is material to the issues in dispute, summary judgment must be denied.

BARBARA LYNCH, Plaintiff,
By Her Attorneys,

/s/James S. Lawrence
James S. Lawrence, Esq. (#3954)
FLAHERTY & LAWRENCE
70 Jefferson Boulevard
Warwick, RI 02888
Telephone: (401) 781-7200
Telecopier: (401) 781-0110
Lawrence1155@aol.com

CERTIFICATION

I hereby certify that I gave notice of the foregoing Memorandum via first class mail, postage prepaid, to: Richard L. Gemma, Esq., MacAdams Wieck DeLuca & Gemma, Inc., 101 Dyer Street, Suite 400, Providence, RI 02903, on this 3rd day of May, 2007.

/s/James S. Lawrence