UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BARBARA LYNCH<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | C.A. No. 07-111S |

**DECISION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

Plaintiff Barbara Lynch ("Lynch") brings suit under the Expedited Funds Availability Act ("EFAA") against Defendant Bank of America (the "Bank"), for damages stemming from the deposit of a dishonored check. The Complaint alleges that Defendant failed to provide written notice that the funds deposited would be subject to an additional holding period, in violation of 12 U.S.C. § 4003(f)(2) and 12 C.F.R. § 229.13(g). The Bank has filed a Motion for Summary Judgment. The Court heard oral argument on May 24, 2007. After careful consideration, the motion is granted.

I. Facts

This case began when Lynch endorsed and deposited a check in the amount of $14,900 into her account held at the Bank on or about March 20, 2006. The bad "check was made payable to her, named E. G. Photo & Studio, Inc., as payor" (Compl. ¶1), and was drawn on an account held at Citizen's Bank. Two days later, Lynch inquired

whether the funds were available, and, on being notified that they were, withdrew $14,200 in cash on March 22, 2006. The next day, March 23, 2006, Citizen's Bank electronically notified the Bank that the check would not be honored. The Bank charged back Lynch's account for the amount of the check and subsequently mailed notice to that effect. Although it is unclear whether the notice was mailed the same day, March 23, 2006, or the following day, March 24, 2006, for the reasons explained below, the result is the same. Lynch subsequently paid back the funds and now sues for the amount of the bad check plus interest, the cost of financing a loan for the repayment, and reasonable attorney's fees.

II. Standard of Review

When evaluating a summary judgment motion, the "critical inquiry is whether a genuine issue of material fact exists." Crawford v. Cooper/T.Smith Stevedoring Co., Inc., 14 F. Supp. 2d 202, 208 (D.R.I. 1998). The Court must view the record in the light most favorable to the nonmovant, and "give that party the benefit of all reasonable inferences in its favor." Clifford v. Barnhart, 449 F.3d 276, 280 (1st Cir. 2006).

Here, where the Bank seeks summary judgment against the party bearing the burden of proving the claims asserted against it, the Bank bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a

genuine issue of material fact." DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). If the Bank prevails on this front, then the burden shifts to Lynch "to demonstrate that a trialworthy issue exists." Mulvihill v. Top-Flite Golf Co., 335 F.3d 15, 19 (1st Cir. 2003). However, Lynch cannot meet her burden by merely alleging that a fact is in dispute or by simply denying the absence of disputed facts. See DeNovellis, 124 F.3d at 306. Rather, Lynch must show that there is sufficient evidence for a jury to find for her on each essential element of her claims. Id. In other words, Lynch must provide evidence that is both "genuine" – "such that a reasonable factfinder could resolve the point in favor of the nonmoving party" – and "material" – "the fact is one that might affect the outcome of the suit under the applicable law." Mulvihill, 335 F.3d at 19.

Where a plaintiff cannot point to evidence that raises a genuine issue of material fact, the motion must be granted. Importantly, in an action such as this one, summary judgment is not precluded where the plaintiff opposes the motion with only "conclusory allegations, improbable inferences, and unsupported speculation." Smith v. Stratus Computer, Inc., 40 F.3d 11, 13 (1st Cir. 1994) (internal citations and quotation marks omitted).

## III. Discussion

EFAA establishes specific time periods during which banks must make deposited funds available to their customers for check writing and cash withdrawals. 12 U.S.C. § 4001 et seq. The goal of EFAA is to reduce the time between deposit and availability of funds. Beffa v. Bank of the West, 152 F.3d 1174, 1176 (9th Cir. 1998) (citing S. Rep. No. 100-19, at 25, reprinted in 1987 U.S.C.C.A.N. 489, 515); See also Bank One Chicago, N.A. v. Midwest Bank & Trust Co., 516 U.S. 264, 266 (1996) (describing EFAA as "designed to accelerate the availability of funds to bank depositors").

Section 4002(b)(1) of Title 12 of the United States Code specifies that "not more than 1 business day shall intervene between the business day on which funds are deposited in an account at a depository institution by a check drawn on a local originating depository institution and the business day on which the funds involved are available for withdrawal." The Bank concedes that Citizen's Bank is a "local originating depository institution" as defined by 12 U.S.C. § 4001(13). However, for cash withdrawals subsequent to the deposit of checks regulated by § 4002(b)(1), EFAA grants banks one additional day. 12 U.S.C. § 4002(b)(3)(A). Thus, when Lynch deposited the check in issue on March 20, 2006, the Bank had up to three days to make the funds available for cash withdrawal in compliance with EFAA. By making the funds available

for cash withdrawal on March 22, 2006, two days after the deposit, the bank was in full compliance with these provisions.

Lynch argues that the fact that the Bank subsequently charged back her account for the amount of the bad check "is in itself an extension of the time period for the availability of those funds." (Pl.'s Mem. Opp'n Def. Mot. Sum. J. 4.) This argument fails, however, because the Bank did not charge back Lynch's account with the intention of eventually making those funds available; rather, the specific purpose of the charge back was to make the funds permanently unavailable.

Lynch also argues that the Bank revoked the availability of those funds without the notice required by 12 U.S.C. § 4003(f). This argument fails because charge backs for nonpayment of checks are specifically anticipated by several provisions of EFAA. First, 12 U.S.C. § 4002(f)(2) does not require that notice of nonpayment of checks be given to the receiving depository institution within the times set forth in § 4002. Because Citizen's Bank was not obligated to notify the Bank that the check would not be honored within the time periods defined by EFAA, it would be illogical to require that the Bank notify Lynch before it became aware of the fact.

Second, the subsequent-determinations clause in § 4003(f)(3) specifically extends the notice of exception provisions in § 4003(f)(2), which Lynch claims the Bank violated. Section

4003(f)(3) states that, "[i]f the facts upon which the determination of the applicability to an exception . . . only become known to the receiving depository institution after the time notice is required . . . with respect to such deposit, the depository institution shall mail such notice to the depositor as soon as practicable, but not later than the first business day following the day such facts become known to the depository institution." Lynch does not identify the specific exception of § 4003(a)-(e) that she believes the Bank's conduct triggered. In any event, the Bank learned that the check would not be honored on March 23, 2006, and mailed notification on or before March 24, 2006. Thus, the Bank was in compliance with this provision as well.

Third, to the extent that Lynch relies on 12 C.F.R. § 229.13(g), the result is the same. Section 229.13(g)(1)(ii) specifically anticipates that notice may be required when the facts are determined after a deposit (stating that, "[i]f the notice is not given at the time of the deposit, the depositary bank shall mail or deliver the notice to the customer as soon as practicable, but no later than the first business day following the day the facts become known to the depositary bank, or the deposit is made, whichever is later.").

Fourth, EFAA clearly states that none of its provisions shall be construed as limiting a bank's right "to charge back the

depositor's account for the amount of such check[.]" 12 U.S.C. § 4006(c)(2)(C). Courts faced with like facts have similarly concluded that EFAA preserves a depository institution's right to revoke, charge back, or request a refund for an uncollectible deposit. See Essex Constr. Corp. v. Indus. Bank of Washington, Inc., 913 F. Supp. 416, 418 (D. Md. 1995).

Finally, although Lynch does not allege any violation of state law, it appears that the Bank complied with the relevant provisions of the Uniform Commercial Code's system for regulating check-processing transactions, as adopted by Rhode Island. See R.I. Gen. Laws § 6A-4-214(a) (providing that "[i]f a collecting bank has made provisional settlement with its customer for an item and fails by reason of dishonor, suspension of payments by a bank, or otherwise to receive settlement for the item which is or becomes final, the bank may revoke the settlement given by it, charge back the amount of any credit given for the item to its customer's account, or obtain refund from its customer, whether or not it is able to return the item, if by its midnight deadline or within a longer reasonable time after it learns the facts it returns the item or sends notification of the facts."); § 6A-4-104(a)(10) (defining a bank's midnight deadline as "midnight on its next banking day following the banking day on which it receives the relevant item or notice[.]").

IV. Conclusion

Although this writer is sympathetic to Lynch's predicament, the situation that gave rise to this litigation is perhaps an unintended consequence of the earlier availability of funds mandated under EFAA. By making customer deposits available sooner, EFAA increases the possibility that a depositor will have access to those funds before a check clears. Nevertheless, as long as depository institutions comply with its notice provisions, EFAA does not make banks liable for their customers' checks. Customers of banks, in other words, withdraw money early at their own peril. EFAA requires institutions to make the funds available, but it does not require a bank to effectively become a guarantor of the check in the process.

The Defendant's Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

WESmith

William E. Smith
United States District Judge
Date: 6/12/07